# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>   v.<br><br>JENNIFER KOMLO.,<br>    Defendant. | :<br>:<br>:    CIVIL ACTION<br>:    NO. 15-3789<br>:<br>:<br>:<br>: |

Jones, II    J.                                                                             March 14, 2018

## MEMORANDUM

The Government brings the instant action to collect on Defendant's outstanding tax liabilities for the 1998, 2008, and 2010 tax years. Defendant, Jennifer Komlo, received innocent spouse relief from all but a portion of the over $300,000.00 she and her former husband owed the IRS. In Defendant's view, had the IRS properly assessed Defendant's former husband for the couple's tax liabilities, Defendant would be current with all tax obligations and this suit would be moot. After conducting extensive discovery, both the Government and Defendant move for summary judgment. For the reasons that follow, this Court will grant the Government's Motion in its entirety, deny Defendant's Motion in its entirety, and uphold the IRS determinations of Defendant's 1998, 2008, and 2010 tax liabilities.

## FACTUAL BACKGROUND[1]

### I.    Calculation of Jennifer and Jeffrey Komlo's Tax Assessments

The following facts are largely undisputed. Jennifer and Jeffrey Komlo[2] divorced in 2008, after having been separated for approximately eight years. (PSUMF, ¶ 1; DSUMF, ¶ 2.) As

---

[1] For the sake of brevity, the Court will only cite to the movants' Statements of Undisputed Material Facts ("SUMF") where the stated fact is deemed admitted by the opposing party.

1

a couple, Jennifer and Jeffrey Komlo filed joint tax returns for the years 1993, 1994, 1995, 1997, and 1998. (DSUMF, ¶ 3.) Following submission of the Komlos' joint 1998 return, the Internal Revenue Service audited all the Komlos' joint returns and issued notices of deficiency to both Jennifer and Jeffrey Komlo. (PSUMF, ¶ 5; DSUMF, ¶ 3.) The Komlos formally challenged the IRS determinations of the couple's 1993, 1994, 1995, 1997, and 1998 liabilities in the United States Tax Court. (PSUMF, ¶ 6; DSUMF, ¶ 5.) During the Tax Court proceedings, Jennifer Komlo argued that she was an innocent spouse and should be relieved from all the couple's tax liabilities, pursuant to 26 U.S.C. § 6015. (DSUMF, ¶ 6.) Before application of Section 6015, the Tax Court held that the Komlos owed a total $272,553.00 in income tax deficiencies, and a total $54,510.60 in penalties for the years 1993, 1994, 1995, 1997, and 1998. (USAKOMLO000917.) The Tax Court determined that Jennifer Komlo was entitled to Section 6015 innocent spouse relief for the couple's 1993, 1994, 1995, and 1997 tax liabilities in their entirety. (USAKOMLO000918). Jennifer Komlo was only relieved from a portion of the couple's 1998 tax liability, and was ultimately held jointly and severally liable for $38,208.00 of the couple's 1998 tax deficiency, and $7,641.60 of the related penalties. (USAKOMLO000918, 000925). According to the stipulated decision of the Tax Court, Jeffrey Komlo was not relieved from any of the aforementioned liabilities. (USAKOMLO000917-000918; DSUMF, ¶ 11.)

In July 2003, the IRS entered an assessment against Jeffrey Komlo for $159,853.00 in tax deficiencies for the 1998 tax year and $31,970.60 in related penalties. (USAKOMLO00123-125; DSUMF, ¶ 19.) This assessment represented the 1998 tax liability amount for which Jeffrey Komlo was deemed solely liable. (USAKOMLO000917-000918.) In August 2003, the IRS

---

[2] The relevant documents and filings use "William Jeffrey Komlo" and "Jeffrey Komlo" interchangeably. In the interests of clarity and consistency, any reference to Defendant's former husband will be by the name "Jeffrey Komlo."

entered an assessment against Jennifer Komlo for $38,208.00 in tax deficiencies and $7,641.60 in related penalties. (PSUMF, ¶ 9; DSUMF, ¶ 18.) This assessment represented the 1998 tax liability amount for which Jennifer Komlo was deemed jointly and severally liable with then-husband Jeffrey Komlo. (USAKOMLO000918.) The IRS did not provide an explanation as to why it entered the Komlos' assessments as it did.

II. **Payment of Jeffrey Komlo's Tax Assessment**

In December 2003, the IRS filed a notice of federal tax lien against Jeffrey Komlo in Palm Beach County, Florida. (GDR000143.) The notice identified Jeffrey Komlo's unpaid tax liabilities for the 1993, 1994, 1995, 1997, 1998, 1999, and 2000 tax years as basis for the lien. (GDR000143.) In a letter dated August 9, 2004, IRS Officer Douglas Engler confirmed that the amount necessary to release the lien was that which was assessed "against Mr. [Jeffrey] Komlo solely" and was exclusive of "any federal income liabilities of Jennifer A. Komlo." (GDR000324.)

In early April 2005, IRS Officer Engler advised the Komlos' attorney, Jack Ryan, that Jeffrey Komlo's updated[3] liabilities for the 1993, 1994, 1995, 1997, 1998, 1999, and 2000 tax years – less the 1998 liability also attributable to Jennifer Komlo – combined to equal $655,751.04. (GDR000140.) Less than two weeks later, the Komlos sold a Florida condominium the couple owned as tenants in the entireties. (GDR000733.) The day after the sale, Jack Ryan sent a check in the amount of $655,751.04 to IRS Officer Engler. (GDR000141-000142.) Accompanying the check was a cover letter in which Ryan indicated that the check constituted payment in full of Jeffrey Komlo's income tax liens for the 1993, 1994, 1995, 1997, 1998, 1999,

---

[3] The updated values accounted for any interest that accrued since the last accounting of Jeffrey Komlo's outstanding liabilities.

3

and 2000 tax years. (GDR000141.) Ryan's letter did not mention Jennifer Komlo. (GDR000141.)

On September 28, 2005 the IRS certified the release of Jeffrey Komlo's federal tax lien. (GDR000338.) The IRS did not use any part of Jeffrey Komlo's payment to offset Jennifer Komlo's outstanding 1998 assessment. (DSUMF, ¶ 71.) The IRS continued efforts to collect on Jennifer Komlo's 1998 tax assessment, including the withholding of Jennifer Komlo's tax refunds from subsequent years. (DSUMF, ¶ 79-80.)

III. **Jennifer Komlo's Tax Assessments for the 2008 and 2010 Tax Years**

In April 2009, Jennifer Komlo individually filed a tax return for the 2008 tax year. (PSUMF, ¶ 10; DSUMF, ¶ 108.) The IRS timely issued a Notice of Deficiency as it related to Jennifer Komlo's 2008 tax return, which indicated an apparent failure to report $30,576.00 in nonemployee compensation income and another $66,217.00 in retirement income. (USAKOMLO000697-000704.) The IRS assessed Jennifer Komlo $21,339.00 in tax and $4,268.00 in negligence penalties. (USAKOMLO000704; PSUMF, ¶¶ 12, 14; DSUMF, ¶ 111.)

In April 2011, Jennifer Komlo individually filed a tax return for the 2010 tax year. (PSUMF, ¶ 15; DSUMF, ¶ 114.) On said return Jennifer Komlo reported a $13,529.00 liability, which Jennifer Komlo did not pay with her return. (PSUMF, ¶ 15.) The IRS timely filed an assessment against Jennifer Komlo for both the reported liability and a related penalty. (PSUMF, ¶ 17; DSUMF, ¶ 115.)

IV. **Request for a Collections Due Process Hearing**

Jennifer Komlo's 2016 IRS Certificate of Assessments ("Certificate") reflects a November 2012 request by Jennifer Komlo for a Collections Due Process Hearing.

(USAKOMLO00172.) The Certificate further reflects a December 2012 withdrawal of Jennifer Komlo's request for a Hearing. (USAKOMLO00172.) The parties dispute whether Jennifer Komlo actually withdrew her request for hearing or whether the notation in the Certificate was the result of a clerical error. (PSUMF, ¶ 67; Def. Resp. PSUMF, ¶ 67; DSUMF, ¶ 83; Pl. Resp. DSUMF, ¶ 83.) Said dispute aside, on September 16, 2014, the Appeals Office of the IRS sent a Notice of Determination to Jennifer Komlo via certified mail, in which Appeals Team Manager Rhonda Warren relayed the Appeals Office decision to uphold the IRS's assessments against Jennifer Komlo for the 1998 tax year. (USAKOMLO00046-00049.) The Notice of Determination did not purport to resolve any challenge to Jennifer Komlo's 2008 and 2010 tax liabilities. (USAKOMLO00046-00049.)

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(a). "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations and quotation marks omitted). Therefore, in order to defeat a motion for summary judgment, the non-movant must establish that the disputes are both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "At the summary judgment stage of proceedings, courts do not 'weigh the evidence or make credibility determinations,' but, instead, leave that task to the fact-finder at a later trial if the court denies summary judgment." Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014) (quoting Petruzzi's IGA Supermarkets v. Darling-Delaware Co., 998 F.2d 1224, 1230 (3d Cir. 1993)).

## DISCUSSION

Both Plaintiff and Defendant filed motions for summary judgment as to each of Jennifer Komlo's (hereinafter "Defendant") tax assessments. Defendant challenges the 2008 and 2010 tax assessments on substantive grounds, and challenges the 1998 assessment on both procedural and substantive grounds. There are no material facts in dispute, so the relevant inquiry is which party is entitled to judgment as a matter of law. The Court thoroughly reviewed the hundreds and hundreds of pages of motion filings, exhibits, and pertinent precedent. Based thereupon, and for the reasons that follow, this Court grants summary judgment in favor of Plaintiff as it relates to all three tax assessments, as outlined below.

I. **1998 Tax Assessment**

Defendant challenges her 1998 tax assessment on both procedural and substantive grounds. For the reasons that follow, the Court is not persuaded by either of Defendant's challenges. Plaintiff's action for collection is timely and the IRS's entry of assessment against Defendant is upheld. Plaintiff's Motion for Summary Judgment is granted as it relates to the 1998 tax assessment.

A.      Statute of Limitations

Section 6502 of the Internal Revenue Code affords the IRS ten years from the date of assessment to collect the tax liabilities assessed. 26 U.S.C. § 6502. But if, during this ten-year period, taxpayer timely requests a Collections Due Process ("CDP") Hearing, all actions to levy the disputed tax assessment are "suspended for the period during which such hearing, and appeals therein, are pending." 26 U.S.C. § 6330(e)(1). Defendant argues that, under Section 6502, Plaintiff's suit to collect Defendant's 1998 tax liability is barred as untimely. (ECF No. 46, p. 33.) As the IRS entered Defendant's assessment for the 1998 tax year on August 11, 2003, were the statute of limitations not tolled, Plaintiff would only have until August 2013 to file suit for collection. Plaintiff argues that Defendant cannot challenge this collection action as untimely because Defendant requested a CDP Hearing and received the benefit of Plaintiff being precluded from collection activities during the pendency of said hearing. (ECF No. 45, p. 21.) Plaintiff urges the Court to toll the applicable statute of limitations period to account for the nearly two years during which Defendant's 1998 assessment was considered by the IRS Appeals Office at Defendant's behest.

While neither party disputes that Defendant timely filed a request for a CDP hearing in November 2012, the parties disagree about the period for which Defendant's CDP action was pending. Defendant contends that, as noted in Defendant's 2016 Certificate, Defendant withdrew her request for a CDP Hearing within a month, effectively concluding any tolling of the limitations period. (ECF No. 46, p. 34.) In Defendant's assessment, that would mean Plaintiff would have an additional twenty eight days – at most – to begin civil collection proceedings for Defendant's 1998 assessment. Plaintiff maintains that the entry in Defendant's Certificate reflecting a withdrawal of a request for Hearing is a "mistake," and Defendant's Hearing did not

actually conclude until October 2014. (ECF No. 45, p. 21.) Thus, in Plaintiff's view, Plaintiff would have until July 22, 2015 to bring the instant suit for collection.

The Court considered all available evidence on the issue of timeliness. The following is undisputed: (1) Defendant's Certificate reflects the start of a "legal suit" on the exact day Defendant filed a request for a CDP Hearing (USAKOMLO00172); (2) IRS Officer Shari Green testified, under oath, that in her experience, "legal suit" is synonymous with CDP Hearing when recorded in a taxpayer's Certificate (Dep. S. Green 256:18-24); (3) On September 16, 2014, the IRS Appeals Office entered a Notice of Determination adjudicating "matters…considered at [Defendant's] Appeal hearing" for the 1998 tax year (USAKOMLO00046-00049); (4) The Notice was labeled, in its header, as regarding a Collection Due Process Hearing and advised Defendant that the case would return to the originating IRS office for further action if Defendant did not appeal the Notice within thirty days (USAKOMLO00046); and (5) Defendant's Certificate reflects the conclusion of a "legal suit" on October 16, 2014 – the exact day on which the Notice of Determination would be finalized absent further appeal (USAKOMLO00173). These undisputed facts present a compelling argument in support of Plaintiff's position on the timeliness of its action.

Defendant argues that there is any number of ways by which a taxpayer could interact with the IRS to resolve collection-related matters (ECF No. 46, p. 34), but fails to identify even one administrative procedure – other than a CDP hearing – that would result in a Notice of Determination by the IRS Office of Appeals. The deposition testimonies proffered by Defendant are similarly unpersuasive. That the deposed IRS Officers never personally experienced an accounting error of the kind alleged has no bearing on whether such error actually occurred here.

And Defendant fails to adduce any evidence – beyond the challenged entry in her Certificate – that would demonstrate Defendant actually withdrew her request.

Given the lengths to which Plaintiff trumpets the veracity of IRS documents and the presumption of accuracy afforded thereto, the Court was reluctant to accept Plaintiff's contention that the disputed entry was a clerical error or mistake. But all material evidence in the record supports Plaintiff's contention that the IRS Office of Appeals continued its consideration of Defendant's 1998 tax assessment through October 2014. Whether Defendant intended for the proceedings to desist is immaterial for the purposes of determining timeliness in this case. The IRS proceeded with its review of Defendant's 1998 tax liabilities from November 7, 2012 until October 16, 2014 – during which time Plaintiff would have been precluded from collecting on Defendant's 1998 assessment. Accordingly, this Court finds that the statute of limitations period was tolled for the 708 days Defendant's liabilities were under review. Given that the instant action was filed within 695 days of the initial August 2013 deadline, this Court finds Plaintiff's claim timely as it relates to Defendant's 1998 tax assessment.

B. <u>Accuracy of Assessment</u>

An "assessment" is an official determination by the IRS that a given taxpayer "owes the Federal Government a certain amount of unpaid taxes." <u>United States v. Fior D'Italia</u>, 536 U.S. 238, 242 (2002). An IRS determination of deficiency is "entitled to a presumption of correctness," and "the burden of production as well as the ultimate burden of persuasion is placed on the taxpayer." <u>Anastasato v. Commissioner</u>, 794 F.2d 884, 887 (3d Cir. 1986); <u>see also</u>, <u>Fior D'Italia</u>, 536 U.S at 242 ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness…."). A taxpayer can only overcome the presumption of correctness afforded to the IRS assessment through the production of "competent

and relevant credible evidence" that demonstrates the IRS's determination is erroneous. Sullivan v. United States, 618 F.2d 1001, 1008 (3d Cir. 1980). Upon thorough review of the record and the parties' respective arguments, this Court finds that Defendant fails to adduce sufficient evidence to overcome the presumption of correctness afforded to the IRS's determination of 1998 tax liability. To the contrary, the undisputed evidence of record clearly establishes: (1) Defendant was only assessed that for which Defendant was adjudged – by *stipulation* – liable; and (2) Jeffrey Komlo's 2005 payment was credited – as directed – toward the liabilities for which Jeffrey Komlo was adjudged solely liable.

Defendant seems to argue that it was improper for the IRS to treat the Komlos' joint and several 1998 liability as one for which only Defendant is responsible. While possibly inconsistent with the IRS's general approach to joint liabilities, Defendant fails to identify any statute, code, or precedent that would render the decision to only assess Defendant unlawful or otherwise impermissible. Ultimately, it is undisputed that Defendant stipulated to joint and several liability for $38,208.00 in tax deficiencies for the 1998 tax year, and $7,641.60 in related penalties. (USAKOMLO000918, 000925.) As such, the IRS was entitled to recoup said amount, in whole or in part, from either Komlo. Defendant dedicated a great deal of her briefing to the legislative and regulatory history of joint tax liabilities, to no avail. Congress's historical approach to the liabilities of married taxpayers does not constitute competent and credible relevant evidence that the IRS erred in its decision to assess Defendant for her and Jeffrey Komlo's joint and several 1998 tax liabilities.

Defendant similarly fails to adduce competent and credible evidence that Jeffrey Komlo's 2005 payment satisfied Defendant's obligations for the 1998 tax year. Instead, the undisputed facts buoy Plaintiff's position that the $655,751.04 Jeffrey Komlo paid to the IRS in 2005 was

only intended to cover Jeffrey Komlo's sole tax liabilities. First, Jeffrey Komlo was only assessed for the 1998 tax liabilities from which Defendant was relieved. (USAKOMLO00123-125; DSUMF, ¶ 19; USAKOMLO000917-918.) Second, on at least two occasions, IRS Officer Engler confirmed that the assessments pending against Jeffrey Komlo were exclusive of any liabilities owed by Defendant. (GDR000324; GDR000140.) And third, the Komlos' attorney – who was aware of Defendant's outstanding liabilities – directed the IRS to credit Jeffrey Komlo's 2005 payment to the assessments that were previously identified as Jeffrey Komlo's sole liabilities. (GDR000141.) There are no facts of record that would suggest the IRS has already recouped the money owed on the Komlos' joint liabilities. And Defendant fails to proffer any evidence from which the Court could conclude that Jeffrey Komlo's payment would have been enough to cover both Jeffrey Komlo's sole liabilities and that which he shared with Defendant. Defendant's argument that a portion of Jeffrey Komlo's payment *should* have been used to her benefit because the money was the result of a sale of the Komlos' jointly owned condominium is unpersuasive. The IRS was not party to the Komlos' divorce proceedings and therefore could not know how the couple's real property had been equitably distributed. The IRS applied Jeffrey Komlo's payment as instructed and Defendant fails to produce evidence that would render said use erroneous.

Defendant fails to meet her burden of production and therefore fails to overcome the presumption of correctness afforded to the IRS's determination of liability. The undisputed facts of record militate against a finding of error as it relates to the IRS's assessment of Defendant's 1998 tax liability. Summary judgment is thus granted in favor of Plaintiff as it relates to Defendant's 1998 tax assessment.

II. **2008 and 2010 Tax Assessment**

As with Defendant's 1998 assessment, Defendant's 2008 and 2010 tax assessments are presumed correct, and the burden is on Defendant to produce sufficient competent and relevant credible evidence to overcome said presumption. Sullivan, 618 F.2d at 1008. Defendant's primary challenge to her 2008 and 2010 assessments is that both would have been satisfied had the IRS credited an equitable amount of Jeffrey Komlo's 2005 payment to Defendant's IRS account. (ECF No. 46, p. 27.) Having found the IRS's allocation of Jeffrey Komlo's payment acceptable, the Court summarily rejects that argument as insufficient to establish error.

Defendant also challenges her 2008 tax liabilities on the grounds that the IRS failed to deduct from Defendant's taxable income the $1,442.78 Defendant paid in state income tax. (ECF No. 46, p. 31-32.) The undisputed facts demonstrate a state withholding in the amount of $1,442.78 on Defendant's 1040A tax return for the 2008 taxable year, (USAKOMLO000706-713), and an apparent failure to consider said withholding in the IRS's subsequent calculation of Defendant's 2008 income. (USAKOMLO000699-704.) But Defendant fails to produce her state income tax return, which would demonstrate if, and to what extent, Defendant was refunded the state income tax withheld for the 2008 tax year. Without any information as to the amount of Defendant's 2008 state refund, this Court cannot determine the accuracy of Plaintiff's calculation of Defendant's 2008 income. "Because IRS assessments are presumed correct, it is not enough for the [taxpayer] to demonstrate that the assessment of the tax for which refund is sought was erroneous in some respects. Instead, the taxpayer bears the burden of proving the amount he is entitled to recover." Francisco v. United States, 267 F.3d 303, 319 (3d Cir. 2001) (internal citations and quotations omitted). Defendant fails to produce sufficient evidence to (1) rebut the presumed correctness of Plaintiff's 2008 tax deficiency, and (2) demonstrate the extent to which

12

the calculated assessment was allegedly erroneous. Defendant has not met her burden. The IRS's calculation of deficiency for the 2008 tax year will stand. Negligible information was produced to rebut the IRS's calculation of Defendant's negligence penalties for the 2008 taxable year, so the presumption of correctness remains intact with respect to that aspect of the assessment as well. Summary judgment is therefore granted in favor of Plaintiff as it relates to the 2008 tax assessment.

Defendant challenges her 2010 tax liabilities on the grounds that the assessment does not account for $200.00 in federal income tax that was withheld from Defendant's 2010 Form 1099R. (ECF No. 47-1, p. 11.) Defendant's 2010 Form 1099R undisputedly reflects a federal tax withholding in the amount of $200.00. (USAKOMLO000826.) And Defendant's 2010 Certificate of Assessments reflects two $200.00 payments toward Defendant's 2010 liabilities, one designated "Payment with Return," and another designated "Subsequent Payment." (USAKOMLO000183.) Defendant furnished a copy of a check sent to the IRS in the amount of $200.00, (ECF No. 48, ex. 4), and argues that the check accounts for the "Subsequent Payment" notation in her Certificate. (ECF No. 47-1, p. 11.) Defendant maintains that the "Payment with Return" notation reflects a payment Defendant made with her federal tax return, not the withholding from her 2010 1099R. (ECF No. 47-1, p. 11.) Having reviewed the Certificate, and the notations used to denote receipt of funds, the Court is satisfied that had Defendant's $200.00 withholding been credited, a "Withholding" notation would appear on Defendant's 2010 Certificate to reflect said credit – as appears a notation for the receipt of $8,651.73 withheld from the same 2010 Form 1099R. (USAKOMLO000183.) With the submission of the check, and Defendant's identification of the anomalies in her Certificate of Assessments, the Court finds Defendant produced sufficient evidence to demonstrate an error in the 2010 assessment. As

Plaintiff provides no facts or arguments to refute Defendant's production of evidence, the Court finds that Defendant must pay the 2010 tax assessment, less the $200.00 already withheld.

## **CONCLUSION**

Based on the foregoing, this Court grants summary judgment in favor of Plaintiff and against Defendant as it relates to Defendant's 1998 tax assessment, Defendant's 2008 tax assessment, and Defendant's 2010 assessment – less $200.00. The aforementioned assessments are hereby reduced to judgment.

An appropriate order follows.


BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II     J.